ROBERT E. GOLDBERGER *v.* DAVID ROBERTS CORPORATION ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued March 3—decided March 31, 1953

*Martin E. Gormley,* for the appellants (defendants).

*Frank J. Hennessy,* with whom, on the brief, was *Theodore I. Koskoff,* for the appellee (plaintiff).

INGLIS, J. In this action the plaintiff seeks to recover for personal injuries sustained while he was on vacation in a children's summer camp operated by the defendants. The injuries resulted from the conduct of a fellow camper. The jury returned a verdict for the plaintiff. In this appeal the defend-

ants assign as error the denial of their motions to set aside the verdict and for judgment non obstante veredicto.

Taking the evidence in the light most favorable to the plaintiff, the jury would have been warranted in finding the following facts: In the summer of 1949, the plaintiff, then a boy twelve years of age, was enrolled by his father as a camper in the summer camp for boys and girls operated by the defendants in the town of Ridgefield. On July 29, during the rest hour before lunch, he was lying, reading a comic book, on his bunk in the tent to which he was assigned. A thirteen-year-old boy named Salke was in the tent at the time talking to two other boys. The four boys, together with a counselor by the name of Green, comprised the complement allocated to the particular tent. Green was not in the tent at the time. Salke started to swing a stick of wood about two feet long which was roughly cut to form an ornamental paddle. That is, at one end of the stick each side had been cut away to form what was designed to be a handle. Almost immediately after Salke started to swing the paddle it came in contact with a bathrobe hanging in the tent. This caused the body of the paddle to break off from the handle. It flew a distance of about ten feet across the tent and struck the plaintiff on the forehead, causing the injuries complained of. Salke was a "problem child" but in what way or to what degree he constituted a problem did not appear.

There were about 200 children in the camp. The defendants employed a personnel of over 100, of whom sixty-five were counselors. The latter were for the most part students in technical or professional schools. Green, the counselor, was an ex-service man twenty-seven years old and had just

completed a course in a dental school. It was his duty to have general supervision of the boys in his tent but not to be with them all of the time. That would be not only virtually impossible but also unwise, because the youngsters should be allowed to develop a sense of responsibility and have opportunity to discuss matters among themselves. At the time the plaintiff was injured Green was busy supervising the washing up process of other boys before lunch.

The piece of wood, the major portion of which hit the plaintiff, had been cut out by Salke during the arts and crafts hour. This hour immediately preceded the rest hour. The head counselor, who was in charge of arts and crafts at the time, told Salke that the paddle was not properly made and directed him to dispose of it. Salke did not have time between then and the rest hour to get rid of the paddle so he took it to the tent with him.

The complaint is in two counts, the first sounding in breach of contract and the second in negligence. The claimed breach of contract is that, contrary to their agreement, the defendants failed to provide proper, adequate and competent supervision by counselors over the activities of the campers. If by that allegation it is meant that the defendants had not provided an adequate number of qualified counselors, there is nothing in the evidence to support it. Clearly, as a matter of law, the jury could not reasonably have concluded that one counselor for each three or four children was not an adequate number. There is no evidence that any of the counselors were not qualified. If the allegation means that the counselors provided by the defendant did not actually supervise the campers properly, then it raises the same issue as that raised by the second count, namely,

whether the agents of the defendants were negligent in any particular which caused the plaintiff's injuries.

Under the second count the plaintiff does not claim that the defendants are liable for Salke's negligence or misconduct on the theory that he was their agent. Such a claim would be untenable. Note, 160 A.L.R. 7, 155. The only possible basis of the plaintiff's cause of action is the claim that agents of the defendants were negligent in failing to supervise the campers properly. Upon the evidence this must be limited to a claim that Green was negligent in his supervision of the boys in the tent and that the head counselor was negligent in permitting Salke to retain possession of the paddle.

The jury could not reasonably have concluded that Green was negligent. As appeared in the evidence, it was neither feasible nor advisable pedagogically for him as a counselor to be always in the presence of the boys whom he had in charge. The plaintiff was injured during the rest hour, when the boys were expected to be quiet. Green had no reason to anticipate any disturbance. Since no duty rested upon him to be constantly with his charges, he cannot be held negligent under the circumstances.

Nor was the conduct of the head counselor in directing Salke to dispose of the paddle negligence. For a person to be held negligent, it must appear that a reasonably prudent person in his position, knowing what he knew or should have known, would have anticipated that harm of the general nature of that suffered was likely to result from his conduct. *Przwgocki* v. *Wikris,* 130 Conn. 419, 422, 34 A.2d 879, and cases cited. The gist of the plaintiff's complaint of the conduct of the head counselor is that he directed the boy to dispose of the paddle

and did nothing to see to it that his instruction was obeyed. It could not reasonably be found that he should have foreseen that Salke would disobey his instructions or if he did that any other person would be injured as a result.

The facts of the present case are closely akin to those in *Kos* v. *Catholic Bishop of Chicago,* 317 Ill. App. 248, 45 N.E.2d 1006. In that case one pupil in a school operated by the defendants was injured when struck by a brush thrown by another. The brush had been left in the school lunchroom, and it was claimed that the defendants' agents were negligent both in leaving the brush where it could be picked up by the pupil and in failing to supervise the children properly while they were in the lunchroom. It was held that the defendants were not negligent. The court said (p. 253) : "The brush in question was inherently a harmless object . . . and we fail to conceive how its mere presence in the lunchroom could be held to render the room unsafe or constitute negligence on the part of the defendants. The contention that defendants are rendered liable because of their failure to exercise supervision over the pupils at the time they were eating their lunches is likewise untenable. . . . If school authorities were obliged to stand guard over children on the premises at all times to protect them against the possible acts of mischievous pupils, it would be fairly impossible to conduct schools without peril to the authorities who maintain and operate them."

Upon the evidence in the present case no breach of contract or actionable negligence was established, and the court was in error in denying the motion to set aside the verdict. A word should be said concerning the motion for judgment non obstante veredicto. The record does not disclose that the defendant had

634

moved for a directed verdict before the case was submitted to the jury. Under the rule such a motion is a prerequisite of a motion for judgment notwithstanding the verdict based upon a lack of evidence. Practice Book § 234; see *Baltimore & C. Line* v. *Redman,* 295 U.S. 654, 657, 55 S.Ct. 890, 79 L. Ed. 1636.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.