## Martin Kirchner *v*. Yale University et al.

Baldwin, C. J., King, Murphy, Shea and Alcorn, Js.

Argued May 9—decided June 25, 1963

*Dennis N. Garvey*, with whom was *John W. Colleran*, for the appellant (plaintiff).

*Morris Tyler*, with whom was *Peter C. Dorsey*, for the appellees (defendants).

KING, J. The plaintiff instituted this action against Yale University, hereinafter referred to as the defendant, and Alexander Bzdyra, its admitted agent and employee, to recover damages for personal injuries. The plaintiff, when he was a student in the defendant's architectural department, sustained the injuries while he was in a woodworking shop operating a machine called a jointer. The court directed a verdict in favor of both defendants, and thereafter it denied the plaintiff's motion to set the verdict aside. The plaintiff has appealed. Counsel have made no distinction in the liability of the two defendants.

The direction of a verdict is not favored and is justified only " 'if upon the evidence the jury could not reasonably and legally have reached any other conclusion than that embodied in the verdict as rendered . . . and if, had the verdict been rendered for the other party, the evidence was so weak that it would be proper for the court to set it aside. . . .' It remains to apply this rule to the evidence in this case, 'considered in that aspect most favor-

able to the plaintiff.'" *Lurier* v. *Danbury Bus Corporation,* 144 Conn. 544, 547, 135 A.2d 597, and cases cited.

The jury might reasonably have found the following facts, a number of which were admitted in the pleadings: The jointer on which the plaintiff was injured is a device used to plane wood. The jointer is essentially a rectangular table bisected across its narrower width by rotating blades which protrude slightly from the top of the table. Wood, the under side of which is to be planed, is propelled by the operator across the whirling blades. The woodworking shop was created, and the jointer was furnished, for the use of students in the defendant's department of architecture. Bzdyra was employed by the defendant as director and supervisor of the shop and was in the shop and was acting in that capacity at the time of the accident. The plaintiff, in order to prepare some wood for use in constructing a model which was required as part of his course of architectural studies, had gone to the shop where a circular saw, a sander and the jointer in question were located. The plaintiff, as a student, had been invited to make use of the machines in the shop in the prosecution of his course in architecture. Bzdyra knew of the plaintiff's proposed use of the jointer and indeed had given the plaintiff instructions as to how to set one of the two guards with which the jointer itself was equipped. The plaintiff worked several pieces of wood through the jointer without incident, but when he attempted to pass through another piece, it became dislodged, that is, it kicked out from under the plaintiff's left hand, allowing his fingers to come into contact with the then exposed blades. His hand was severely injured. The wood which had been dislodged had

been propelled through the jointer by the plaintiff by means of a push stick which had been made available by the defendant and which the plaintiff operated with his right hand. The push stick had been placed against the wood in position to push it, and the plaintiff's left hand was on the top of the wood, as it passed over the blades.

One of the specifications of negligence in the complaint charged a failure to provide necessary rules, regulations and instructions in the use of the jointer, and another charged a failure to provide a proper type of push block to be used in connection with the operation of the jointer. There was expert testimony from which the jury could find that a push stick is not designed for use with a jointer but, rather, is designed for use with a circular saw; that when using a push stick with a jointer the operator is forced to put one hand on the wood being worked; that no matter who uses a jointer certain appliances should be used to push the wood over the blades; that there is a safety tool designed for the jointer called a push block; that if a push block had been used and the wood being worked had kicked out, as was the case here, the push block, rather than the hand of the operator, would have come into contact with the blades of the jointer; that in processing wood of the relatively small size of that on which the plaintiff was working, a push block should have been used regardless of the condition of the jointer or the skill of the operator; and that it would be dangerous for anyone to operate the jointer without using a push block. Cf. *Klenzendorf* v. *Shasta Union High School District*, 4 Cal. App. 2d 164, 166, 168, 40 P.2d 878. This evidence was properly admitted under the rule of cases such as *Delmore* v. *Polinsky*, 132 Conn. 28, 31, 42 A.2d 349.

It was the obligation of the defendants to exercise reasonable care not only to instruct and warn students in the safe and proper operation of the machines provided for their use but also to furnish and have available such appliances, if any, as would be reasonably necessary for the safe and proper use of the machines. *Brigham Young University* v. *Lillywhite,* 118 F.2d 836, 841, 843 (10th Cir.), cert. denied, 314 U.S. 638, 62 S. Ct. 73, 86 L. Ed. 512; *Miller* v. *Macalester College,* 262 Minn. 418, 426, 428, 115 N.W.2d 666; note, 160 A.L.R. 250, 269; see *Douglass* v. *Douglass,* 130 Cal. App. 2d 609, 613, 279 P.2d 556; note, 46 A.L.R.2d 1377; see also note, 32 A.L.R.2d 1163, 1184. It is obvious that on the basis of the foregoing expert testimony presented by the plaintiff the jury could reasonably have found that a push block rather than a push stick was the proper and reasonably safe device to use in operating the jointer. *Delmore* v. *Polinsky,* supra. From other testimony, the jury could also have found that the plaintiff did not see, nor know of, a push block or any device other than the push stick, which he used to push wood through the jointer, that no push block was made available for use by the plaintiff, and that there were no regulations, warnings, or instructions posted in the shop, or otherwise communicated to the plaintiff, regarding the safe and proper operation of the jointer or the dangers incident to the use of a push stick in its operation.

On these findings, a jury could well have concluded that in the exercise of reasonable care the defendants should have anticipated that unless they made a push block available and gave some warning or instruction to the plaintiff that he should use a push block rather than a push stick in the

operation of the jointer, harm of the general nature of that which actually occurred was likely to result, and that the defendants' failure in each respect constituted negligence within the purview of the foregoing allegations of the complaint. *Bambus* v. *Bridgeport Gas Co.*, 148 Conn. 167, 171, 169 A.2d 265; *Noebel* v. *Housing Authority*, 146 Conn. 197, 201, 148 A.2d 766; *Lurier* v. *Danbury Bus Corporation*, 144 Conn. 544, 549, 135 A.2d 597; *Figlar* v. *Gordon*, 133 Conn. 577, 580, 53 A.2d 645; *Scorpion* v. *American-Republican, Inc.*, 131 Conn. 42, 45, 37 A.2d 802; see also *Belevicze* v. *Platt Bros. & Co.*, 84 Conn. 632, 636, 81 A. 339. It is unnecessary to consider whether a conclusion of negligence in any of the other respects alleged in the complaint would have been warranted by the evidence.

The claim of the defendants as to proximate cause merits little discussion. The plaintiff's expert testified that the reaction of the jointer blades on contact with the wood being planed is to push the wood backward and upward, thus opposing the operator's effort to push it forward. The kicking out of the wood could be found a danger reasonably to be anticipated in the use of the jointer by any operator. Although the use of the push block rather than the push stick might not have prevented the kicking out, its use would have prevented any resulting injury to the plaintiff's left hand. The jury would have been amply justified in concluding that the negligence of the defendants in their failure to warn and instruct and also in their failure to make available a proper push block rather than a push stick constituted a proximate cause of, that is, a substantial factor in producing, the injuries sustained by the plaintiff.

The special defenses of contributory negligence and assumption of risk presented factual issues on which the burden of proof rested on the defendants, and it cannot be said that the jury would be required to find that the defendants had sustained their burden on either defense. *Bader* v. *United Orthodox Synagogue,* 148 Conn. 449, 454, 172 A.2d 192; *Henry* v. *Bacon,* 143 Conn. 648, 652, 124 A.2d 913. There was error in directing the verdict. This determination makes unnecessary a consideration of the plaintiff's other assignments of error.

The defendants have filed a bill of exceptions, claiming error in certain rulings on evidence. Practice Book § 410. On cross-examination, the plaintiff's expert witness was asked whether it was his opinion that it would have been negligent for the plaintiff not to have used a proper type of push stick, that is, a push block, had it been available. An objection to the question was sustained. The record does not reveal the ground of the objection, nor in any clear way the court's reason for sustaining it, although the record furnishes inferential support for the statement in the defendants' brief that the objection was sustained on the ground that there was no evidence that such a push block was available and at hand. It is true that, subject to the court's discretion, in the cross-examination of an expert witness, any fact may be assumed in a hypothetical question to test the skill, learning or accuracy of the expert or to ascertain the reasonableness or expose the unreasonableness of his opinion. *Livingstone* v. *New Haven,* 125 Conn. 123, 127, 3 A.2d 836; *Floyd* v. *Fruit Industries, Inc.,* 144 Conn. 659, 666, 136 A.2d 918. Here, however, the court could justifiably have considered that an answer to the question would have shed little light on the skill, learning or

accuracy of the witness or the reasonableness of his direct testimony. Further, and especially since there was no claim by the defendants that a push block was available, the court might well have considered that an answer would have tended to confuse the jury. It was within the proper exercise of the court's discretion to exclude the question. *Floyd* v. *Fruit Industries, Inc.,* supra, 667; *Livingstone* v. *New Haven,* supra, 127.

The defendants also claim error in the overruling of their objections to questions asked by the plaintiff on his redirect examination of his expert witness regarding the effect of dull blades on wood being planed on the jointer. The witness answered that the wood would vibrate. There appears to have been no claim by the plaintiff that the jointer was defective or not reasonably safe for use, either because of dull blades or for any other reason. Of course, the push block, like the push stick, was no part of the jointer but was an appliance to be used in connection with the operation of the jointer. The relevancy of the inquiry is obscure, and the record is inadequate to permit a categorical determination of the accuracy of the ruling. *Floyd* v. *Fruit Industries, Inc.,* supra, 666.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.