FRANCIS MIRANTI, JR. *v.* BROOKSIDE SHOPPING CENTER, INC., ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued December 3—decided December 23, 1969

*Alfred J. Jennings, Jr.,* with whom, on the brief, were *William J. Kupinse, Jr.,* and *Lawrence W. Kanaga,* for the appellant (plaintiff).

*Edward J. Holahan, Jr.,* and *Richard P. Gilardi,* for the appellees (defendants).

ALCORN, J. The plaintiff, a fifteen-year-old boy, who brought this action by his father, has appealed from the rendition of a summary judgment in favor of both defendants.

The complaint alleged that the plaintiff was seriously injured when he fell on a paved portion of property which was owned by the defendant the Brookside Shopping Center, Inc., and leased by the defendant the Western Auto Supply Company. Numerous acts of "carelessness, recklessness and negligence" were alleged relating, in one way or another, to the principal claim that each defendant was responsible for a dangerous accumulation of trash and debris in the area which caused the plaintiff's injury.

The defendant the Brookside Shopping Center, Inc., denied an allegation that it owned and con-

trolled the area but admitted the plaintiff's allegation that the defendant the Western Auto Supply Company leased and controlled it. The defendant the Western Auto Supply Company denied that it leased and controlled the area but admitted the plaintiff's allegation that the Brookside Shopping Center, Inc., owned and controlled it. Both defendants denied the alleged circumstances of the plaintiff's fall and any fault on the part of either of them and pleaded no information as to the plaintiff's claimed injuries and resulting expenditures. Both defendants pleaded the plaintiff's contributory negligence, which the plaintiff, in turn, denied.

On motions for summary judgment made by each defendant, the court was presented with a deposition and an affidavit of the plaintiff from which it appeared that, with another boy, he bowled and visited a store in the Brookside Shopping Center after which they left and went to another location nearby where they were chased by a dog. They ran down a path toward the paved area at the Brookside Shopping Center, and the dog knocked the plaintiff down.

The complaint alleged that the plaintiff was caused to fall over an accumulation of trash and debris near the edge of the paved area in the rear of the Western Auto Supply Company store and onto an automobile storage battery, sustaining, among other injuries, a ruptured spleen. The court's memorandum of decision, to which we turn, there being no finding, recites: "No other affidavit or evidence called to the attention of the court tends to show that the debris was the cause of the fall. Under the circumstances, there is no issue of fact in dispute relating to the debris being the cause of the fall." On this basis summary judgment was rendered.

In passing on the motions for summary judgment, the court was faced with the question whether a genuine issue as to any material fact existed. Practice Book § 303; *Dorazio* v. *M. B. Foster Electric Co.*, 157 Conn. 226, 228, 253 A.2d 22; *Kasowitz* v. *Mutual Construction Co.*, 154 Conn. 607, 610, 228 A.2d 149; *Associates Discount Corporation* v. *Smith's Lincoln-Mercury Sales, Inc.*, 153 Conn. 176, 180, 214 A.2d 909; *Rathkopf* v. *Pearson*, 148 Conn. 260, 264, 170 A.2d 135.

On the pleadings there was a disputed issue as to whether an accumulation of trash and debris existed which was of such a nature as to impose liability for injury in one or more of the ways claimed by the plaintiff and, if it did exist, whether one or both of the defendants were in control of the area so as to be chargeable with having created the condition or allowed it to exist. Beyond this there was the disputed issue as to the plaintiff's contributory negligence. We are not concerned in this instance with the further disputed issue as to the extent of the plaintiff's damages. The court obviously concluded that, regardless of whether the circumstances which might be developed in a trial would establish negligence on the part of either or both of the defendants, the proximate cause of the plaintiff's fall and resulting injury was solely the action of the dog in knocking the plaintiff down rather than the accumulation of trash and debris.

It is elementary that, in a negligence case, a causal relation between a defendant's wrongful conduct and a plaintiff's injury must be established in order for the plaintiff to recover damages. *Lombardi* v. *J. A. Bergren Dairy Farms, Inc.*, 153 Conn. 19, 22, 213 A.2d 449. The issue of proximate cause presents a question of fact for the trier unless no causal

relation between the negligence of a defendant and a plaintiff's injuries can reasonably be found. *McDowell* v. *Federal Tea Co.,* 128 Conn. 437, 440, 23 A.2d 512; *DeMunda* v. *Loomis,* 127 Conn. 313, 315, 16 A.2d 578. The subject has been exhaustively analyzed, as applied to the contributory negligence of a plaintiff, in *Kinderavich* v. *Palmer,* 127 Conn. 85, 15 A.2d 83, and, as applied to a defendant, in *Mahoney* v. *Beatman,* 110 Conn. 184, 147 A. 762.

In *Lombardi* v. *Wallad,* 98 Conn. 510, 120 A. 291, this court said (p. 519) : "If the owner of anything capable in its nature of doing injury, negligently leaves it unguarded and exposed in a public place, and it be set in motion by a negligent person, the owner will be held responsible for the injuries consequently suffered by a third person not himself careless." In *Sedita* v. *Steinberg,* 105 Conn. 1, 134 A. 243, we said (p. 6) : "The injury, however, must be the direct result of the defendant's misconduct, and it will not be considered too remote if, in the usual experience of mankind, the result ought to have been apprehended."

In a situation in which the negligent conduct of a defendant is an ingredient, but not the initiating force, in a sequence of events culminating in an injury to a plaintiff, the Restatement on Torts states the rule in this way: "Where the negligent conduct of the actor creates or increases the risk of a particular harm and is a substantial factor in causing that harm, the fact that the harm is brought about through the intervention of another force does not relieve the actor of liability, except where the harm is intentionally caused by a third person and is not within the scope of the risk created by the actor's conduct." Restatement (Second), 2 Torts § 442B.

As the case before us was presented to the trial

court, there had been no determination that the accumulation of trash and debris complained of by the plaintiff amounted to a condition which, from its nature and location, was capable of doing injury by someone falling over or into it or, if it was such, that it was also something for which one or both of the defendants were legally responsible. The court came to the conclusion that, regardless of whether the alleged accumulation imposed a threat of injury and regardless of which defendant might be responsible for it, the circumstance that the plaintiff had been knocked down by the dog was such an intervening event that the accumulation of trash and debris could not reasonably be found to be a proximate cause of the plaintiff's injury. This overlooked the fact that, if either or both of the defendants could, on a trial, be found to be negligent in any of the ways alleged by the plaintiff, that negligence would still be a basis for recovery if the plaintiff's injury resulted from a hazard because of which the defendant was negligent. *Johnson* v. *Shattuck*, 125 Conn. 60, 64, 3 A.2d 229; *Cuneo* v. *Connecticut Co.*, 124 Conn. 647, 651, 2 A.2d 220. If a defendant's negligence was a substantial factor in producing the plaintiff's injuries, the defendant would not be relieved from liability for those injuries even though another force concurred to produce them. *Mahoney* v. *Beatman*, supra, 199; *Baldwin* v. *Greenwoods Turnpike Co.*, 40 Conn. 238, 244; see *Szela* v. *Johnson Motor Lines, Inc.*, 145 Conn. 714, 720, 146 A.2d 910.

Clearly enough, the plaintiff would not have been injured by falling on the automobile battery when he was knocked down by the dog unless the battery had been there. That the presence of the battery and the other alleged debris and trash constituted a hazard

which would impose liability on one or both of the defendants was something which the plaintiff had undertaken to prove. The pleadings raised contested issues as to whether an accumulation of trash and debris as claimed by the plaintiff existed; as to whether, if such an accumulation did exist, it created a condition productive of a foreseeable harm of the general nature of that suffered by the plaintiff; *Kirchner* v. *Yale University,* 150 Conn. 623, 627, 192 A.2d 641; and as to which defendant could, because of its responsibility for and control of the area, be held to be legally responsible for the condition in any one or more of the ways claimed by the plaintiff. These were all questions of fact to be determined by a trier, court or jury, by the application of established legal principles. If it is assumed that the plaintiff successfully met the burdens of these factual issues, it was incumbent on him to establish that the negligence for which any defendant was responsible was a substantial factor in producing his injury. *Kirchner* v. *Yale University,* supra, 628. This issue is "so fundamentally one of fact and inference" that it should be left to the trier to determine if the question is open to a reasonable difference of opinion. *Edgecomb* v. *Great Atlantic & Pacific Tea Co.,* 127 Conn. 488, 492, 18 A.2d 364. It was not a question to be determined, in the present case, on motions for summary judgment. *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 374, 260 A.2d 596.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.