187 Conn. 1 (1982)
EARNEST O. HEARL, JR.
v.
WATERBURY YOUNG MEN'S CHRISTIAN ASSOCIATION ET AL.
Supreme Court of Connecticut.
Argued November 5, 1981.
Decision released May 4, 1982.
PETERS, HEALEY, ARMENTANO, SHEA and WRIGHT, JS.
*2 Bruce L. Levin, for the appellant-cross appellee (plaintiff).
Anthony M. Fitzgerald, for the appellee-cross appellant (named defendant).
WRIGHT, J.
The plaintiff participated in a volleyball game at a facility maintained and operated by the defendant, Waterbury Young Men's Christian Association (hereinafter the YMCA). During the play, he and another participant made bodily contact. The plaintiff was knocked to the ground and suffered serious, permanent and disabling personal injuries. In this action brought in negligence, he sued the YMCA, two of its employees who were management personnel at the facility, and the other participant. Subsequent to the action and prior to trial, the claim against the other participant was settled on payment of $25,000. The plaintiff properly and effectively preserved his rights against the remaining defendants, and the other participant was dropped as a party. On a trial to a jury a verdict in favor of the plaintiff was rendered against the YMCA alone, there being defendants' verdicts with respect to each of the management individuals.
The jury assessed the plaintiff's damages at $125,000. It found the plaintiff forty percent negligent and the YMCA sixty percent negligent. By application of the doctrine of comparative negligence, the award was reduced by $50,000, resulting *3 in a verdict of $75,000. Thereupon, the trial court, relying on General Statutes § 52-216a, further reduced the jury verdict by the $25,000 the plaintiff had already received in settlement, resulting in a net verdict of $50,000.
Subsequently the trial court, finding that "the plaintiff ha[d] not borne his burden of removing the matter from `the realm of surmise, guess, conjecture and speculation,'" set aside the verdict of the jury and rendered judgment for the defendant YMCA notwithstanding the verdict. The plaintiff appeals this action of the court.
"The ruling of the trial court on a motion to set aside a verdict is entitled to great weight." Darling v. Burrone Bros., Inc., 162 Conn. 187, 200, 292 A.2d 912 (1972); see Marko v. Stop & Shop, Inc., 169 Conn. 550, 558-59, 364 A.2d 217 (1975). The trial judge can sense the atmosphere of a trial and has an excellent vantage point for evaluating the factors that may have brought the jury to its verdict. Butler v. Steck, 146 Conn. 114, 119, 148 A.2d 246 (1959). The trial judge found that the jury verdict was unsupported by the evidence and motivated by sympathy for the plaintiff.
The crux of the plaintiff's allegations is that the YMCA was negligent in not providing adequate supervision of the volleyball tournament during which the plaintiff sustained injury. The plaintiff claims that the jury reasonably found the following facts. On August 3, 1975 the YMCA sponsored a volleyball tournament at its Mataucha Family Center. In prior years a YMCA staff member had supervised the tournament. In 1975, no supervision *4 was provided. It was a hot and humid day. Alcoholic beverages were consumed with the knowledge of the YMCA. As the tournament progressed, play became more competitive and heated. The final game, in which the plaintiff was injured, was characterized as a "blood game." In the course of that final game, another participant collided with the plaintiff in mid-air. The plaintiff was knocked to the ground and suffered a severe and permanent disabling injury.
In order for the plaintiff to recover in a negligence action, he must establish a causal connection between his injury and the defendant's breach of duty. "The test is whether the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's negligence." Merhi v. Becker, 164 Conn. 516, 521, 325 A.2d 270 (1973); Miranti v. Brookside Shopping Center, Inc., 159 Conn. 24, 30, 266 A.2d 370 (1969); Kirchner v. Yale University, 150 Conn. 623, 627-28, 192 A.2d 641 (1963).
We agree with the trial court that any failure by the YMCA to provide supervision of the volleyball game was not a substantial factor in bringing about the plaintiff's harm. "In Connecticut, the test of proximate cause is whether the defendant's conduct is a substantial factor in bringing about the plaintiff's injuries." Nelson v. Steffens, 170 Conn. 356, 363, 365 A.2d 1174 (1976). In Goldberger v. David Roberts Corporation, 139 Conn. 629, 96 A.2d 309 (1953), we found error in the trial court's denial of the defendant's motion to set aside the verdict for the plaintiff. In finding that the defendant camp operators had not negligently failed to supervise the campers properly, we enunciated the standard *5 for holding a person negligent. We explained, "it must appear that a reasonably prudent person in his position, knowing what he knew or should have known, would have anticipated that harm of the general nature of that suffered was likely to result from his conduct." Id., 632; Przwgocki v. Wikris, 130 Conn. 419, 422, 34 A.2d 879 (1943). If anything, the facts are more compelling here than in Goldberger. The participants in the game here were all adults. There was no testimony showing any wrongdoing or rules violation by any participant. There was no evidence that any of the players in that particular game had consumed alcoholic beverages. Admittedly, the competition was intense, but such is the nature of an elimination tournament. The plaintiff's expert witness testified that bodily contact and knockdowns will occur in volleyball due to the very nature of the game. The presence of officials would not have prevented the collision between the plaintiff and his teammate; hence the absence of officials could not have been a substantial factor in causing the plaintiff's injuries.
Similar rulings may be found in Kaufman v. City of New York, 30 Misc.2d 285, 286-87, 214 N.Y.S.2d 767 (1961), where the court found no legal causation in the alleged failure of an instructor at Brooklyn College to be present when a participant suffered a fatal injury in a three man basketball game; and in Albers v. Independent School District, 94 Idaho 342, 487 P.2d 936 (1971), where the court affirmed the lower court's granting of a summary judgment in a case where the alleged lack of supervision of a basketball game was held not to be the legal cause of a collision between the two players which resulted in the plaintiff suffering a fractured spine.
*6 The defendant, on cross appeal, ascribes error to the trial court's supplemental charge on proximate cause. In view of our decision on the plaintiff's appeal, the cross appeal becomes moot.
There is no error.
In this opinion the other judges concurred.