[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
This case was tried to the court on April 27 and April 28, 1991. Plaintiff and defendants filed simultaneous briefs on September 27, 1991 with oral argument on October 4, 1991.
Plaintiff seeks to recover monies for labor and materials he claims were provided defendants in constructing a stone masonary wall. The total amount of the claim was $1,188. The claim was originally instituted as a Small Claims action and was transferred by defendants to the regular civil docket. Defendants, thereafter, filed an answer denying the claim as well as filing a counterclaim in which they allege misrepresentation and negligence in constructing the wall and seek damages.
 II.
Based on the credible evidence, the court finds the following facts:
Sometime in May 1987 the plaintiff and defendants entered into an oral agreement that plaintiff, a part-time stone mason, would construct a stone retaining wall at 197 Judith Lane, Waterbury, Connecticut. Construction of the wall was commenced in May of 1987 and concluded by the plaintiff in October of 1987. Plaintiff testified that he had been paid in full for labor performed for the period May 1987 to September 1987. He further testified that he performed additional labor and supplied materials during October 1987 with the reasonable value of approximately $2,000. The court finds that the plaintiff was paid in full for that portion of his labor and materials[1] and, further, that the defendants paid the plaintiff a total of $5,500 for labor and materials for the entire period of May 1987 to October 1987.[2]
Although plaintiff claimed at trial that defendants still owed him $919.25 in that for the October 1987 construction he was paid only $1,000 and there remained a charge of $900 representing three $300 loads of stone and a $19.25 invoice for cement[3], the court finds Defendants' Exhibit 4, a check for $2,000 dated November 21, 1987 persuasive. The court concludes, therefore, as to plaintiff's complaint he has not met his burden of proof.
III. CT Page 133
The court finds the following facts as to defendants' counterclaim:
Antonio Pilla, one of the named defendants, and an experienced general contractor and carpenter, first contracted plaintiff, Mr. Guerrera, in May 1987 because he had heard through family members that plaintiff had built retaining walls in the past. Mr. Guerrera is the father-in-law of Mr. Pilla's wife's cousin. Both defendants met with the plaintiff at the site of the proposed construction and told him that they wanted a stone retaining wall constructed on the site. Defendants did not provide plaintiff with a sketch or blue print as to how to construct the wall nor did they utilize a transit to determine the eventual height or pitch of the wall.
In April of 1988, the defendants retained another mason contractor, Anthony D'Amico, to extend the wall an additional three feet. At that time there was no evidence of any deficiencies in the wall. Also at that time there was eleven feet of fill up against the wall.
In October of 1988, the next door neighbor, Salvatore Rubbo, noticed that the top of the wall tilted between six to eight inches. Prior to October 1988 Mr. Rubbo had not noticed any deficiencies or problems with the wall. Mr. Pilla similarly testified that around October 1988 was when he first noticed certain cracks in the wall. At different times of the construction on the wall, backfill was added and compacted by various forms of equipment. Moreover, sometime after the plaintiff left the construction site, defendants placed a number of concrete blocks along side the westerly edge of the retaining wall.[4]
There was testimony by plaintiff that he constructed the wall to certain specific dimensions which he felt, because of his past experience in building such walls, caused the wall to be structurally safe.[5] Defendants offered testimony through Dominic Cassella, a civil engineer, which indicated that in order to be structurally safe, such a wall as the one in the instant case must have a much wider base.[6] Such evidence was intended to convince the trier that the plaintiff had constructed the wall in a negligent and unworkmanlike manner. Despite the fact that defendants' counsel vigorously and thoroughly tried these issues, defendants failed to sustain their burden of proof regarding plaintiff's negligence.
Even if the court were to find plaintiff negligent, in order to find him liable for defendants' damages on the counterclaim, the court must further find plaintiff's negligence was the CT Page 134 proximate cause of defendants injuries. Hearl v. Waterbury Y.M.C.A., 187 Conn. 1 (1982); Boehm v. Kish, 201 Conn. 385 (1986). Moreover, as our Supreme Court has consistently held,
 ". . . that a negligent defendant, whose conduct creates or increases the risk of a particular harm and is a substantial factor in causing that harm, is not relieved from liability by the intervention of another person, except where the harm is intentionally caused by a third person and is not within the scope of the risk created by the defendant's conduct." [emphasis added].
Doe v. Manheimer, 212 Conn. 748 (1989). In the instant case, even if the court finds that plaintiff was negligent, it must further find that his conduct was a substantial factor in causing defendants' harm and that the conduct of the subsequent contractor after October 1987 in extending the wall was not a substantial factor in causing the resultant defects.
Considering all of the evidence in this case, testimony of all parties and witnesses regarding the individual conduct of each, this court concludes that there are any number of possibilities as to the proximate cause of the defects in the wall. The question of negligence is too conjectural to warrant a finding that plaintiff unequivocally caused the wall to topple.
Since the court cannot find the plaintiff liable on the counterclaim, it will not reach the question of damages.
 IV.
Accordingly, a judgment may enter for Lino Capozzi and Antonio Pilla on the complaint, and on the counterclaim, a judgment may enter for Antonio Guerrera.
SANTOS, J.