[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendants John and Carol Paulus (Paulus) have moved for summary judgment, claiming that the negligent act of the defendant Froebel in rear-ending the car in which the plaintiff Jane Stevens was a passenger, or the negligence of Frederick Stevens in parking the car on the side of the highway was the proximate cause of the plaintiff's injuries. Accordingly, Paulus claims that any negligence of Paulus or violations of the statutes concerning fencing of dogs was not the proximate cause of the injuries or that the negligence of Froebel was a superceding cause of the accident. This is based on an approximate three minute interval between when the Stevens vehicle struck the dog and the rear end collision caused by Froebel.
Summary judgment can be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354,364. In deciding whether there is a material issue of fact, the evidence is considered in the light most favorable to the nonmoving party. Connell v. Colwell, 214 Conn. 242, 246-47. In deciding whether summary judgment should be granted, the same test is applied as is used in determining whether a party would be entitled to a directed verdict on the same facts. State v. Goggin, 208 Conn. 606,616. If there are questions of fact the court cannot decide them on the motion.
Issues of negligence cannot ordinarily be decided on a motion for summary judgment. Fogarty v. Rashaw, 193 Conn. 442, 445. In almost all cases, proximate cause is a question of fact, and is a question of law only when a reasonable person could only reach one conclusion. Hughes v. National Car Rental Systems, Inc., 22 Conn. App. 586,590. Stevens' car stopped on the highway only because it struck the Paulus' dog, and there is evidence in the record supporting negligence by Paulus or violation of a statute, section22-364. Construing the evidence most favorably to the plaintiff, there is a question of fact whether the conduct of Paulus was a substantial factor in the ensuing accident. If a defendant's CT Page 3184 negligence is a substantial factor in causing the plaintiff's injuries, the defendant is not relieved from liability even though another force concurred to produce them. Miranti v. Brookfield Shopping Center, Inc., 159 Conn. 24, 29. Even if the conduct of Froebel was an intervening force in causing the injury, that did not by itself relieve Paulus from liability. Merhi v. Becker, 164 Conn. 516,522. A negligent defendant is relieved from liability only where the harm is intentionally caused by the party causing the intervening force, and the result is not within the scope of the risk created by the defendant's conduct. Doe v. Manheimer, 212 Conn. 748,759.
The briefs and supporting documents have been reviewed. For the reasons stated above, the result is not sufficiently clear to meet the directed verdict test.
The motion for summary judgment is denied.
ROBERT A. FULLER, JUDGE