[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#112)
The plaintiff's motion (#112) to strike the apportionment complaint is granted. "General Statutes § 52-572h
specifically applies to negligence actions." Belanger v. VillagePub I, Inc., 26 Conn. App. 509, 513, 603 A.2d 1173 (1992). The allegations in the apportionment complaint are based on recklessness and wanton and willful conduct. Because General Statutes § 52-572h only applies to negligence actions, apportionment of fault pursuant to § 52-572h (c) may only be accomplished between negligent parties. See Lodge v. Arett SalesCorp., Superior Court, judicial district of Waterbury at Waterbury, Docket No. 098122 (March 17, 1995, Pellegrino, J.) (no apportionment based on allegations of willful and reckless conduct; General Statutes § 52-572h applies only to negligent conduct); Ashe v. Konover Management, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 105837 (June 22, 1994, Sullivan, J.) (12 Conn. L. Rptr. 13, 14) (no apportionment between negligent and intentional tortfeasors).
In Bohan v. Last, 236 Conn. 670, 680-81, 674 A.2d 821 (1996) the defendant's claim for apportionment in third-party complaint stated a cognizable cause of action based on the duty to refrain from negligently or intentionally supplying alcohol to minors, provided that the purveyors of alcohol knew or had reason to know that the person to whom they supplied alcohol was a minor. The defendant's reliance on Bohan is misplaced. In Bohan, the allegations in both the complaint and the apportionment complaint involved claims of negligence. Id., 672, 674. Thus, the issue presented by the plaintiff's motion to strike was not an issue inBohan. Furthermore, the phrase "knew or had reason to know" is indicative of a claim based on negligence. See Hearl v. WaterburyYMCA, 187 Conn. 1, 5, 444 A.2d 211 (1982) (In order to hold a person negligent, "it must appear that a reasonably prudent CT Page 6556 person in his, position, knowing what he knew or should haveknown, would have anticipated that harm of the general nature of that suffered was likely to result from his conduct.").
KARAZIN, J.