[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION FOR SUMMARY JUDGEMENT #110
On April 2, 1985, the plaintiff, Michael O'Neill, was a student at the Platt Technical Vocational School in Milford, Connecticut. Platt Tech is a school run by the defendant, the State of Connecticut.[1] On April 2, 1985, at approximately 2:10 p. m., a fire alarm sounded at the school. In accordance with standard fire procedures, the student body evacuated the building. The plaintiff, who was in auto shop when the fire alarm rang, left the school according to procedure and went outside with the rest of his classmates to await the "all-clear" bell that would allow reentry back into the building after the fire department deemed the school safe. As per procedure, the auto shop class students and instructors congregated near the teacher's parking lot.
At 2:20 p. m. the preset dismissal bell sounded, signaling the end of the school day. At that time, the "all-clear" bell had still not sounded. Following the sounding of the dismissal bell, several teachers, including the teachers responsible for the auto shop class in which the plaintiff was a student, conferred among themselves and decided to allow their classes to go home. This dismissal was conditioned on the fact that the students were not allowed to re-enter the school, as the "all-clear" bell had still not sounded. The principal of the school had previously instructed students not to re-enter the building, but had not addressed the CT Page 1180 subject of dismissal.
One of the dismissed students, Scott Dorman, was the owner of a truck parked at one of the auto shop garages near the teacher's parking. This student had brought his truck to school after receiving permission to work on the truck in an auto body shop. Accordingly, the truck was parked in a designated customer area. When the dismissal bell sounded and the instructors granted the students permission to go home, Dorman received permission to drive his truck home. As Dorman would have to drive through the teacher's parking lot in order to exit, Dorman was warned to proceed slowly and with caution.
As Dorman slowly drove his truck toward the exit, the plaintiff ran toward the truck. The plaintiff then proceeded to attempt to jump on the running board on the side of the truck. The plaintiff slipped from the running board and fell to the ground. The rear tire of the truck ran over the plaintiff and caused severe injuries to the plaintiff's head and torso.
In a complaint dated April 29, 1996, the plaintiff brought a negligence action against the defendant. In the complaint the plaintiff alleged that the defendant was negligent in the following ways: 1) the defendant failed to supervise the students in the parking lot when the defendant knew or should have known that an accident might occur; 2) the defendant failed to recall the students into the building after the fire had been put out; 3) the defendant failed to sound the recall bell; 4) the defendant failed to instruct the plaintiff not to be in the vicinity of moving traffic which the defendant knew or should have known might cause injury; 5) the defendant failed to properly supervise the moving vehicle and 6) the defendant failed to implement a discharge plan in conjunction with a fire alarm which provided for an orderly and safe method for students to leave the premises. On August 5, 1997, the defendant filed a motion for summary judgment accompanied by supporting memoranda and deposition testimony. The plaintiff filed an objection and accompanying memorandum and supporting exhibits on August 29, 1997.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . CT Page 1181 The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Thompson Peck, Inc. v. Division Drywall, Inc.,241 Conn. 370, 374, 696 A.2d 326 (1997).
In support of its motion for summary judgment, the defendant argues that the defendant did not owe the plaintiff a duty of care because the harm suffered by the plaintiff was unforeseeable. Furthermore, the defendant argues that any alleged negligence on the part of the defendant was not a proximate cause of the plaintiff's injuries as a matter of law. As such, the defendant contends that it is entitled to summary judgment.
The plaintiff objects to the defendant's arguments. In his memorandum in support of his objection, the plaintiff argues that the question of foreseeability is a question of fact reserved for the trier of fact and therefore inappropriate for summary judgment. Likewise, the plaintiff maintains that the question of whether the negligence of the defendant was a proximate cause of the plaintiff's injury is also a question of fact. The plaintiff argues that since there is alleged evidence supporting a claim that the defendant's negligence was a substantial factor in the plaintiff's injuries, the issue of comparative negligence is reserved for the trier of fact.
Negligence is a breach of duty. Pinto v. Bridgeport MackTrucks, Inc., 38 Conn. Sup. 639, 643. 458 A.2d 696 (Appellate Session, 1983). "The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 384, 650 A.2d 153 (1994).
"The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual. . . . Although it has been said that no universal test for [duty] ever has been formulated . . . our threshold inquiry has always been whether the specific harm alleged by the plaintiff was foreseeable to the defendant. The ultimate test of the existence of the duty to use care is found in the foreseeability that harm may result if it is not exercised. . . . CT Page 1182 By that is not meant that one charged with negligence must be found actually to have foreseen the probability of harm or that the particular injury which resulted was foreseeable, but the test is, would the ordinary [person] in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result? . . . Thus, initially, if it is not foreseeable to a reasonable person in the defendant's position that harm of the type alleged would result from the defendant's actions to a particular plaintiff, the question of the existence of a duty to use due care is foreclosed, and no cause of action can be maintained by the plaintiff. . . ." (Citations omitted; internal quotation marks omitted.) Pion v.Southern New England Telephone, 44 Conn. App. 657, 660,691 A.2d 1107 (1997).
A teacher stands in loco parentis toward a pupil. Andreozziv. Rubano, 143 Conn. 280, 282, 141 A.2d 639 (1958). However, the duty of a teacher does not extend to watching over all the students at a given time. See Goldberger v. David Roberts Corp.,139 Conn. 629, 633, 96 A.2d 309 (1953). "A further inquiry must be made, for we recognize that `duty' is not sacrosanct in itself, but is an expression of the sum total of those considerations of policy which lead the law to say that the plaintiff is entitled to protection. . . ." (Citations omitted; internal quotation marks omitted.)Jaworski v. Kiernan, 241 Conn. 399, 406, 696 A.2d 332 (1997). The court concludes here, that the defendant did not owe a duty of care toward the plaintiff.
The harm alleged by the plaintiff was not a foreseeable event that could be the basis for establishing any further duty of care on the part of the defendant to keep the plaintiff from injury. Eyewitness testimony by individuals who saw the alleged incident reveals that the plaintiff was run over when he slipped from the "running board" on the side of the truck after running to catch up and jump onto the truck.[2] Such an action as that committed by the plaintiff would not have been foreseeable to a reasonable person standing in the place of the defendant.
In the present case, there is no evidence that any of the teachers were aware that an incident such as the one in which the plaintiff was injured had ever occurred before.[3] Rather, the testimony reveals that the teacher's parking lot had not been the scene of any motor vehicular accidents. (Defendant's Exhibit H, p. 58).[4] While there had been an occasional accident in the student parking lot (Defendant's Exhibit H, p. 58) there is nothing to CT Page 1183 indicate that conduct such as that by the plaintiff had ever occurred.[5] Though there had been previous incidents of student misconduct (even an arrest) involving vehicles, such conduct would have put the defendant on guard against harm from conduct such as speeding, not the harm of the nature here.[6]
Furthermore, the plaintiff in the present case was, at the time of the accident, a high school senior who understood or should have understood the possible dangers threatened by misuse of an automobile. (Defendant's Exhibit A, p. 43). While the defendant may have known that the plaintiff was considered a troublemaker (Plaintiff's Exhibit A, p. 34), this did not create any special duty of care toward the plaintiff. "[A] duty to supervise students is a public duty as it affects students generally, and is not a private or specific duty owed to an individual. . . ." Viens v.Graner, Superior Court, judicial district of New London at New London, Docket No. 524313 (June 28, 1993, Teller, J.).
Without foreseeability, a duty on the part of the defendant does not arise. Jaworski v. Kiernan, supra, 241 Conn. 404-06. "Due care does not require that one guard against eventualities which at best are too remote to be reasonably foreseeable."Noebel v. Housing Authority, 146 Conn. 197, 201, 148 A.2d 766
(1959) ("Instead of stepping over the barrier, [the plaintiff], in her haste, attempted to jump. . . . Her act was deliberate. She misjudged the height of the barrier and her own ability to clear it. It is unreasonable as a matter of law to charge the defendants with anticipation of the likelihood that if the barrier remained, someone in a hurry might try to jump over it, misjudge its height or his own agility, and fall"); see also Florida East Coast RailwayCompany v. Pickard, 573 So.2d 850 (Fla. 1990), rev. den., 589 So. 292 (1991) (attempt to board a moving train was found to be "so far beyond the realm of foreseeability that as a matter of law and legal policy [defendant] should not be held responsible for the injuries [the plaintiff] suffered. [The plaintiff] tempted misfortune once too often. . . .").
The plaintiff argues against such a proposition by suggesting that one of the school's instructors admitted that when he saw the plaintiff run toward the truck, he knew that the plaintiff was going to jump onto the truck. Yet, according to the plaintiff, this teacher did nothing to dissuade the plaintiff from doing so. The plaintiff in his memorandum in support of his objection to the motion for summary judgment equates this set of circumstances with proof that the accident was foreseeable and thereby triggered the CT Page 1184 defendant's duty of care. Such an argument is without merit. The testimony submitted concerning the alleged accident reveals that the whole incident occurred in a matter of mere seconds. The very instructor whom the plaintiff claims realized what was occurring testified that the accident happened "so quick [that] I didn't believe it." (Defendant's Exhibit H, p. 68). By its very definition, foreseeability is the "ability to see or know in advance." Black's Law Dictionary, 5th Edition. Therefore the witnessing of a contemporaneous event that unfolded in a split moment does not rise to the level of the "ability to see or know in advance" required to trigger a duty of care based on foreseeability.
The plaintiff also relies on the deposition testimony of the plaintiff's instructor (John Murphy) in claiming that the defendant did have a duty of care. Murphy, who did not witness the plaintiff run toward the truck, stated that if he had had reason to know that the plaintiff was running toward the truck with the intent of jumping on, he would have yelled at the plaintiff to stop. (Plaintiff's Exhibit B, 26). Furthermore, Murphy testified that any other instructor who realized the same had a duty to act in some way.
The court does not believe that these comments created a legal duty on the defendant under the actual circumstances of the case. Murphy's testimony does not address the actual issue of foreseeability that might have imposed a duty of care on the part of the defendants. Prior statements of the Appellate Court have warned against the danger of transforming the "imperfect vision of reasonable foreseeability into the perfect vision of hindsight."Suarez v. Sordo, 43 Conn. App. 756, 685 A.2d 1144 (1996), cert. denied, 240 Conn. 906, 688 A.2d 334 (1997). If it was not foreseeable to a reasonable person that the actions of the defendants might result in the harm alleged to the plaintiff, then the existence of a duty to use due care is foreclosed. Pion v.Southern New England Telephone, supra, 44 Conn. App. 660.
Summary judgment is appropriate if there are no genuine issues of material fact in question. Thompson Peck, Inc. v. DivisionDrywall, Inc., supra, 241 Conn. 370. A material fact is a fact which will make a difference in the result of the case. Lopez v.United Nurseries, Inc., 3 Conn. App. 602, 605, 490 A.2d 1027
(1985). The court finds there are no issues of material fact that would raise the question of whether or not the defendant had a duty of care toward the plaintiff. The evidence submitted is not CT Page 1185 sufficient to counter the defendant's argument that it did not foresee the sort of harm that the plaintiff alleges. Therefore the harm suffered by the plaintiff was unforeseeable and thus the defendant had no duty of care.
Therefore, the court believing that no reasonable person could have anticipated or foreseen the action of the plaintiff in attempting to jump on the running board of, a moving vehicle, the court finds that the defendant had no duty of care toward the plaintiff. Accordingly, that defendant's motion for summary judgment is granted.
SKOLNICK, J.