RONALD MERHI *v.* RICHARD H. BECKER ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued February 6—decided March 21, 1973

*Daniel Shepro,* with whom, on the brief, was *Edward G. Burstein,* for the appellant (defendant International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, Local 1010).

*Thomas L. Nadeau,* with whom, on the brief, were *Theodore I. Koskoff* and *Jordan R. Lustig,* for the appellee (plaintiff).

BOGDANSKI, J.   The plaintiff, Ronald Merhi, brought this action in four counts to recover damages for personal injuries allegedly caused by the willful and negligent acts of the defendants Richard H. Becker, the Italian Community Center, Inc., and the International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, Local 1010 (hereinafter referred to as Local 1010). The counts as to the defendants Richard H. Becker and the Italian Community Center, Inc., were thereafter withdrawn and the case was submitted to a jury as to the remaining defendant, Local 1010.   From a verdict and judgment rendered against it, Local 1010 has appealed to this court.

In its only assignment of error Local 1010 alleged that the court erred in denying its motion to set

aside the verdict on the ground it was not supported by the evidence and the law. The validity of a claim that a verdict is not supported by the evidence is tested by the evidence in the appendices to the briefs. Practice Book § 718; *Guglielmo* v. *Klausner Supply Co.,* 158 Conn. 308, 320, 259 A.2d 608. In view of this sole claim, the parties properly stipulated that no finding would be necessary.

Local 1010 contends (1) that the jury could not reasonably have found that the defendant was negligent in discharging its duty of care toward those attending the picnic and (2) that even if the jury found the defendant negligent, it could not reasonably have found that its negligence was the proximate cause of the plaintiff's injuries.

There was evidence from which the jury could find the following facts: On July 21, 1962, the plaintiff, a member of Local 1010, attended an outdoor picnic planned and sponsored by the defendant Local 1010 for the benefit of its union members and their guests. The picnic was held in Newtown, Connecticut, at grounds rented by the defendant Local 1010 and approximately 500 people attended. There was an admission price of $1.50 per person.

The committee designated by the union to be in charge of the picnic decided to have three or four policemen on duty at the grounds and a member of the committee was paid by the union to hire the policemen. In fact, however, only one person was assigned to police the grounds and he was not a regular member of any police force, normally worked in a shop, and was sixty years of age. On the morning of the picnic, the chairman of the committee determined that more police protection was needed. No additional police, however, were obtained.

The admission price entitled the patrons to all the food and beer they desired. Some of the union members brought their own liquor. The tenor of the picnic became noisy and inharmonious. Many men and women went swimming in the pool with their clothes on. Richard Becker testified that during the day he had more than five beers and "it could have been more than a thousand." Everyone had been drinking quite a bit. Becker was involved in two fights during the picnic, one with John Keiper, a member of the committee sponsoring the picnic. This altercation with Keiper was characterized by Becker as a "brawl" and was witnessed by Leonard Benigno, treasurer of the defendant Local 1010.

Becker was not arrested, evicted or escorted from the grounds after his physical involvement with Keiper. About a half-hour later Becker went to his car which was parked in the picnic area, drove the car into the area of the picnickers, aimed and steered it in the direction of Keiper, but struck and injured the plaintiff instead.

In his brief the plaintiff asserts that the jury could reasonably have found the defendant Local 1010 negligent (1) in failing to provide adequate police protection; (2) in failing to monitor the actions of its patrons in light of their consumption of alcoholic beverages; (3) in failing to arrest, restrain or evict Becker after his involvement in two physical altercations; and (4) in failing to prevent Becker from reentering the immediate picnic area with his car.

As a paying guest at the picnic, the plaintiff had the status of an invitee. *Ford* v. *Hotel & Restaurant Employees & Bartenders Union,* 155 Conn. 24, 32, 229 A.2d 346; *Lowthert* v. *Loyal Order of Moose of*

*Stamford Lodge 940, Inc.,* 147 Conn. 529, 533, 163 A.2d 106. The defendant Local 1010, as the possessor of the premises on that day, had the duty of exercising reasonable care and control to protect its invitees from dangers which might reasonably be anticipated to arise from the conditions of the premises or the activities taking place there. *Greenley* v. *Miller's, Inc.,* 111 Conn. 584, 150 A. 500. "In particular, the possessor must exercise the power of control or expulsion which his occupation of the premises gives him over the conduct of a third person who may be present, to prevent injury to the visitor at his hands. He must act as a reasonable man to avoid harm . . . even from intentional attacks on the part of such third persons." Prosser, Law of Torts (4th Ed.) § 61, p. 395. On the evidence, the jury could properly find that the defendant Local 1010 had failed to perform its duty to provide adequate police protection or otherwise to control the activities of its beer drinking guests, especially after the earlier outbreak of fisticuffs.

"Upon issues regarding which, on the evidence, there is room for reasonable difference of opinion among fair-minded men, the conclusion of a jury, if one at which honest men acting fairly and intelligently might arrive, must stand . . . . The credibility of each witness and the weight to be accorded to his testimony is for the jury and the evidence must be given a favorable construction in support of the verdict." *Horvath* v. *Tontini,* 126 Conn. 462, 464, 11 A.2d 846. The initial question presented here is whether, on the basis of the evidence introduced, and viewing that evidence in the light most favorable to the plaintiff, a jury could reasonably have found that the defendant Local 1010 was negligent in one or more of the ways alleged. On an examina-

tion of the evidence printed in the appendices, we conclude that the answer to this question must be in the affirmative.

It is elementary that, in a negligence case, a causal relation between a defendant's breach of duty and a plaintiff's injury must be established in order for the plaintiff to recover. *Lombardi* v. *J. A. Bergren Dairy Farms, Inc.,* 153 Conn. 19, 22, 213 A.2d 449. Whether a defendant's conduct was in fact a cause of a plaintiff's injuries is peculiarly a question of fact for the jury. *McDowell* v. *Federal Tea Co.,* 128 Conn. 437, 440, 23 A.2d 512; *Mahoney* v. *Beatman,* 110 Conn. 184, 195–97, 147 A. 762; Prosser, op. cit. § 41, p. 237. The defendant Local 1010, nevertheless, further contends that even if the jury did find it was negligent, it could not have found that its negligence was the cause of the plaintiff's injuries because no person in the defendant's position, knowing what it knew or should have known, could have anticipated that the harm of the nature suffered by the plaintiff was likely to result. "If the . . . [defendant's] conduct is a substantial factor in bringing about harm to another, the fact that the . . . [defendant] neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable." Restatement (Second), 2 Torts § 435 (1). Neither foreseeability of the extent nor the manner of the injury constitutes the criteria for deciding questions of proximate cause. The test is whether the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's negligence. *Miranti* v. *Brookside Shopping Center, Inc.,* 159 Conn. 24, 30, 266 A.2d 370; *Kirchner* v. *Yale University,* 150 Conn. 623, 627–28, 192 A.2d 641. Here, the jury could have

found that the events at the picnic fulfilled the test for proximate cause; that the inadequate policing of a large crowd served alcoholic beverages all day created the foreseeable risk that boisterous and angry occurrences might result in injury to bystanders, and that this risk became more obvious once the brawls involving Becker occurred. Consequently, no matter how one characterizes the exact nature of Becker's action in harming the plaintiff, the jury could reasonably have found that it constituted an instance of the general kind of harm that the defendant's negligence would cause, i.e., harm to patrons from inadequately deterred, raucous, violent conduct.

Furthermore, the fact that the plaintiff was struck by a car driven by Becker does not necessarily relieve the defendant Local 1010 of liability. "If a defendant's negligence was a substantial factor in producing the plaintiff's injuries, the defendant would not be relieved from liability for those injuries even though another force concurred to produce them." *Miranti* v. *Brookside Shopping Center, Inc.,* supra, 29. And, where the negligence of the actor creates the risk of a particular harm and is a substantial factor in causing that harm, the fact that the harm is brought about through the intervention of another force does not relieve the actor of liability, except where the harm is intentionally caused by a third person and is not within the scope of the risk created by the actor's conduct. Restatement (Second), 2 Torts § 442 B; *Miranti* v. *Brookside Shopping Center, Inc.,* supra, 28. Even assuming that Becker's acts constituted an intervening force, that would not, in itself, relieve the defendant Local 1010 of liability, for the harm caused to the plaintiff was, as the jury found, within

the scope of the risk created by the defendant Local 1010's conduct.

We conclude, therefore, that the verdict of the jury is clearly supported by the evidence and the law and that the court properly denied the motion to set aside the verdict.

There is no error.

In this opinion the other judges concurred.