[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant, Eton Centers, Inc. (hereafter "Eton"), CT Page 1697 has moved for summary judgment against the plaintiff claiming that the condition of the property where the plaintiff was injured was not the proximate cause of his injury and that it is entitled to judgment. A summary judgment may be granted under section 384 of the Connecticut Practice Book if the pleadings, affidavits and other documentary proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364; Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. To satisfy this burden, the moving party must make a showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any material fact. Fogarty v. Rashaw, 193 Conn. 442, 445. In deciding whether there is a material issue of fact, the evidence is construed in the light most favorable to the nonmoving party. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313,317; Connell v. Colwell, 214 Conn. 242, 246, 247. The test that is applied is similar to that which is used in determining whether a party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, supra, 364; Connell v. Colwell, supra, 247.
The party opposing summary judgment must present evidence that demonstrates the existence of some disputed material factual issue. Daily v. New Britain Machine Co.,200 Conn. 562, 568; Bartha v. Waterbury House Wrecking Co., supra, 11, 12. A material fact has been defined as a fact which will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578; Booth v. Flanagan, 23 Conn. App. 579, 584. A genuine issue has been described as either a triable, substantial or real issue of fact and one which can be maintained by substantial evidence. Craftsmen, Inc. v. Young, 18 Conn. App. 463,465. Summary judgment is usually inappropriate to resolve factual issues in a negligence case, Fogarty v. Rashaw, supra, 446, since it requires the trier of fact to determine whether the standard of care was met in a specific situation. Pine Point Corporation v. Westport Bank Trust Co., 164 Conn. 54, 56.
Most of the essential facts in this case are not disputed. The plaintiff was struck by a baseball bat wielded by the defendant Dows, when the plaintiff was leaving a Grand Union Store in Newtown. Grand Union was the operator of the store. Eton owned the store property and the adjacent parking lot where the plaintiff was injured. Dows had no connection with Eton, who was unaware of his presence or conduct prior to the assault on the plaintiff. CT Page 1698
In order for a plaintiff to recover from a defendant, in addition to proving negligence, it must be shown that the defendant's negligence was a proximate cause of the plaintiff's injuries. The complaint in this case alleges that Eton was negligent in several respects, including failure to inspect and provide security guards in the parking area, that it had no established security procedures to provide safety for persons on its property, and that it failed to exercise reasonable and ordinary care and control to protect persons on the property from activities taking place there. While Eton does not contest negligence for purposes of the motion, it claims that any acts or omissions on its part are not the proximate cause of the plaintiff's injuries.
The test of proximate cause is whether the defendant's conduct was a substantial factor in bringing about the plaintiff's injuries. Wu v. Fairfield, 204 Conn. 435, 438; Coburn v. Lenox Homes, Inc., 186 Conn. 370, 383. The test for causation is whether the injury would have occurred if it were not for the actor's conduct. Boehm v. Kish, 201 Conn. 385,389. The existence of the proximate cause of an injury is determined by looking from the injury to the negligent act complained of for the necessary causal connection. Wu v. Fairfield, supra, 439; Peterson v. Oxford, 189 Conn. 740,749. "Proximate cause results from a sequence of events unbroken by a superseding cause." Coburn v. Lenox Homes, Inc., supra, 383. The cause need only be a substantial factor in causing the injury for it to be the proximate cause of it. Proximate cause is ordinarily a question of fact for the trier, and becomes a question of law only when the mind of a fair and reasonable man could reach only one conclusion. Trzcinski v. Richey, 190 Conn. 285, 295; Burns v. Gleason Plant Security, Inc. 10 Conn. App. 480, 485. Proximate cause is a question of fact for the trier unless no causal relation between the negligence of a defendant and a plaintiff's injuries can reasonably be found. Miranti v. Brookside Shopping Center, Inc., 159 Conn. 24, 26. The substantial factor test for probable cause considers whether the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's negligence. Doe v. Manheimer, 212 Conn. 748, 758. It is not necessary, however, to foresee the extent of the injury or how it occurred, but only that the general type of harm inflicted upon the plaintiff could occur. Merhi v. Becker, 164 Conn. 516,521.
The evidence presented on the motion does not show that anyone other than Eton had control over the area where the injury occurred. The parking lot was open to the general public, and the plaintiff was in the status of a business CT Page 1699 invitee. The defendant has the duty of exercising reasonable care and control to protect persons in the parking lot from dangers which might reasonably be anticipated to arise there from its condition or the activities taking place there. Merhi v. Becker, supra, 520. The evidence submitted in opposition to the motion shows that the parking lot was an area where youths frequently gathered and that the police frequently had to come to the parking lot due to disturbances, noise and unruly behavior near the Grand Union store.
Several cases have discussed the question of premises liability of the property owner to a plaintiff injured by an intervening, wilful or criminal act of a third party. As recognized in Doe v. Manheimer, supra, 748, the fact that a violent criminal act occurs on the property does not necessarily make that act sufficiently foreseeable to require the property owner to take precautions to prevent it. Id., 762; Burns v. Gleason Plant Security, Inc., supra, 480. On the other hand, cases have concluded that it is a question of fact for the trier whether the intentional or criminal act was foreseeable by the owner or possessor of property. Merhi v. Becker, supra, 519, 520. In short, the result depends upon the facts of each case. In this case, the plaintiff has submitted enough evidence to raise a genuine issue of material fact sufficient to avoid summary judgment. While the claim of liability here is weak, a plaintiff has as much right to submit a weak case as a strong case. While it can be seriously questioned whether the plaintiff can prove proximate cause by a preponderance of the evidence at the trial, and the plaintiff may not survive a motion for a directed verdict, the evidence in opposition to the motion for summary judgment is sufficient to give the plaintiff a chance to prove his case. The previous track record of the parking lot and the defendant's apparent knowledge of it arguably creates the element of foreseeability which was lacking in Doe v. Manheimer, supra.
The motion for summary judgment is denied.
ROBERT A. FULLER, JUDGE.