[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT CT Page 6210
The present action arises out of the death of the plaintiff's decedent when he was struck by a forklift truck. The plaintiff instituted a separate proceeding against the parties claimed to have been responsible for the death and instituted the present action against the Town of Greenwich, and individual members of its police department. The claims in the present action may be summarized as follows: The police investigated the incident and took a statement from the operator of the forklift truck; subsequently, the police determined that another statement was desirable and accordingly, a second statement was taken from the operator; the two statements are materially different with respect to the location of the plaintiff's decedent prior to the incident; and the police, at the time of taking the second statement, returned the first statement to the operator of the forklift truck. The plaintiff claims that there may be a potential loss to the estate due to the absence of the first statement and asserts that the return of the first statement to the operator constitutes a violation of General Statutes 7-282 which provides in part, that the police department having received "written statements . . . made in the investigation of any accident wherein any person has been injured . . . shall preserve and retain the same for a period of at least ten years from the date of the accident."
The individual defendants have moved for summary judgment asserting that they are entitled to a qualified immunity; that they owe no duty to the plaintiff in the performance of discretionary governmental acts; that the plaintiff has suffered no injury proximately caused by the individual defendants. The Town of Greenwich has also moved for summary judgment asserting that the liability of the Town under General Statutes 7-465 is dependent upon liability imposed upon the individual defendants and therefore the Town itself cannot be liable.
The initial claim by the defendants is based upon the assertion of the existence of governmental duty and the plaintiffs assert that they cannot be liable for performance of discretionary duties except in limited circumstances which are not here present. Evon v. Andrews, 211 Conn. 501 (1989); Gordon v. Bridgeport Housing Authority, 208 Conn. 161 (1988). The court does not quarrel with the proposition, asserted by the defendants, that the manner in which a police investigation is conducted involves judgment and discretion and therefore cannot properly be termed "ministerial". The claims advanced by the plaintiff are, however, more specific than general assertions concerning the manner in which a police investigation is to be conducted. The provisions of General Statutes 7-282 are clear and unequivocal and do not involve the application of judgment or discretion. In plain terms, the statute CT Page 6211 requires that the police department "shall preserve and retain" statements obtained in an accident investigation.
The defendants also claim that the content of the first statement is referred to the second statement; the police officers are available for testimony; there are eyewitnesses available who can testify; and, therefore, in view of the anticipated evidentiary rulings, the plaintiff will be unable to demonstrate any damage arising out of claims of a violation of statute. The relationship between the defendants' conduct and the plaintiffs' injuries, if any, is peculiarly a question of fact. Merhi v. Becker, 164 Conn. 516,521 (1973). The issue is not whether the plaintiff is likely to recover and the court is not prepared to rule, as a matter of law, that there is no state of facts which can cause injury to the plaintiff.
Accordingly, the Motion for Summary Judgment is denied.
RUSH, J.