[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
In this case, plaintiff Stanley Lappen has sued the defendant City of Hartford to recover money damages for certain serious physical injuries he claims to have suffered on September 2, 1991, when he fell while playing tennis on a public tennis court in Hartford's Elizabeth Park. In Count One of his Amended Complaint ("Complaint" or "A.C."), the plaintiff alleges that his
 6. . . . injuries and losses . . . were caused by the breach of the duties of the defendant and/or negligence by the defendant in one or more of the following ways:
 (a) in that it maintained that said tennis courts in a state of disrepair;
 (b) in that the tennis courts were not reasonably safe for the uses and purposes they were intended (sic);
 (c) in that the conditions of said tennis courts had existed for an extended period of time but no measures had been taken to remedy or correct the same;
 (d) in that the defendant failed to exercise reasonable care in the inspection of said tennis courts.
A.C., Count I ¶ 6. In Count Two of the Complaint, the plaintiff alternatively alleges that his CT Page 178
 6. . . . injuries and losses . . . were caused by the wilful or malicious breach of the duties of the defendant in one or more of the following ways:
 (a) in that it knowingly maintained said tennis courts in a dangerous state of disrepair;
 (b) in that the conditions of said tennis courts had existed for an extended period of time but no measures had been taken to remedy or correct the same;
 (c) in that the defendant knew of the dangerous condition of the tennis courts and failed to guard against said dangerous condition;
 (d) in that the defendant knew of the dangerous condition of the tennis courts and failed to warn against said dangerous condition.
A.C., Count II ¶ 6. The defendant now moves to strike Count Two of the Complaint on the ground that it fails to state a claim upon which relief can be granted.
 I
A motion to strike is the proper procedural vehicle by which to challenge the legal sufficiency of an opposing party's pleading or any count or claim thereof. Ferryman v.Groton, 212 Conn. 138, 142 (1989). In deciding a motion to strike, the Court must determine whether or not the facts alleged in the challenged claim or count, if presumed to be true and read in the light most favorable to the pleader, are sufficient to prove each essential element of the pleader's defense or cause of action. When making this determination, the Court must consider both the facts expressly pleaded in the challenged pleading and all facts necessarily to be implied therefrom. Id., 143.
On the other hand, it must ignore the pleader's legal CT Page 179 conclusions, for they neither constitute allegations of fact nor give rise to any such allegations, by necessary implication or otherwise. Minchagos v. CBS, Inc., 196 Conn. 91,108 (1985).
 II
In support of its Motion to Strike, the defendant argues that Count Two of the plaintiff's Complaint is legally insufficient because, though it purports to state a claim for "wilful or malicious injury," seemingly in an effort to avoid the defendant's anticipated special defense of immunity under Connecticut Recreational Use Statute, General Statutes § 52-557fet seq., it does not allege facts tending to support each essential element of such a claim. In particular, the defendant claims that the challenged count fails to allege that it caused the plaintiff injury by conduct designed or intended to injure, as required by the following common-law definition of "wilful or malicious injury":
 . . . [it is not] sufficient to constitute such an injury that the act resulting in the injury was intentional in the sense that it was the voluntary action of the person involved. Not only the action producing the injury but the resulting injury must be intentional. A wilful or malicious injury is one caused by design.
Wilfulness and malice alike import intent. . . . Its] characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances . . . .
Quimby v. Kimberly-Clark Corporation, 28 Conn. App. 660, 667
(1992). (Emphasis added.)
The plaintiff responds to the defendant's Motion in two ways: First, he argues that the Motion is an improper attempt to test the sufficiency of his Complaint to withstand a CT Page 180 special defense that has not yet been interposed. Because, he claims, that issue will not enter the case or become ripe for decision until the defendant files its answer and special defenses, the Court should deny the defendant's Motion as premature.
Second, the plaintiff argues that if the Court does reach the merits of the defendant's Motion, it should deny the Motion on the ground that the allegations of Count Two bring his claim within the exception to recreational use immunity set forth in General Statutes § 52-557h, which provides that
 Nothing in sections 52-557f to 52-557i, inclusive, limits in any way the liability of any owner of land which otherwise exists: (1) For wilful or malicious failure to guard or warn against a dangerous condition, use, structure or activity [.]
Here, claims the plaintiff, the allegation of the challenged count are sufficient to establish a "wilful or malicious failure to guard or warn against a dangerous condition" even if they fail to support a "wilful or malicious injury," as defined at common law.
 III
The Court agrees with the plaintiff that a motion to strike cannot be used to challenge the legal sufficiency of a pleading to overcome or avoid a special defense that has not yet been interposed. The only exception to this rule would be the unusual situation in which a plaintiff admits each essential allegation of a defense in his challenged pleadings, for only then, with all elements the defense established by the plaintiff's own admission, could his failure to plead facts in avoidance of that defense be found fatal to his underlying cause of action.
The Recreational Use Statute provides, in relevant part, that
 (a) Except as provided in section 52-557h, an owner of land who makes all or any part of the land available to the CT Page 181 public without charge, rent, fee or other commercial service for recreational purposes owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes.
General Statutes § 52-557g. This statute, which applies with equal force to private landowners and municipalities, Manningv. Barenz, 24 Conn. App. 592, 594-96 (1991), establishes a special defense which any owner of land may rely on to defeat a recreational user's claim for money damages that is not exempted from immunity under Section 52-557h.
In this case, the defendant has not yet pleaded a special defense of recreational use immunity under Section 52-557h. The plaintiff, moreover, has not pleaded in his Complaint, and therefore not admitted, that at the time he suffered his injuries he was using the defendant's tennis court for recreational purposes, without fee or charge, as a member of the general public. For that reason, his Complaint cannot be ruled legally insufficient for failure to state facts which exempt it from recreational use immunity under Section 52-557h.
 IV
In light of the foregoing ruling, the Court must not now decide whether or not the allegations of Count Two will be legally sufficient to overcome or avoid a special defense of recreational use immunity if such a defense is one day interposed. It is axiomatic that a court must not render advisory opinions in hypothetical response to questions that do not resolve actual cases or controversies between the parties.
Even so, the defendant's Motion must fairly be read to state a broader, more appropriate basis for striking the challenged count than that described by the plaintiff in opposing it. In particular, the defendant's Motion to Strike clearly states that the Second Count must be stricken because, CT Page 182 by "fail[ing] to set forth any facts upon which" his "conclusory legal allegations [of wilful and malicious breaches of duty] could be supported," it "fails to state a legally cognizable claim."
To properly decide the Motion, the Court must therefore focus its inquiry not merely on whether "wilful or malicious breaches of duty" have been sufficiently alleged, but whether, even if they have not, the remaining allegations of the complaint "state a legally cognizable claim." If they do, the challenged count must not be stricken even if the claim therein presented is materially at variance with that which the pleader believed himself to have made.
The Court is persuaded by the defendant's argument that the plaintiff's Complaint, in Count Two, does not allege "wilful or malicious injury," since it fails to plead any facts upon which it might fairly be established that the City, by its alleged conduct in the maintenance and inspection of the subject tennis court, acted with the design or intent to cause injury. Quimby v. Kimberly-Clark Corporation, supra. For that reason, the Court must further conclude that Count Two of the Complaint fails to charge the defendant City with the common-law tort of recklessness. Id.
Without sufficient allegations of wilful or malicious injury, however, the question remains whether the proper factual allegations of Count Two, when read in the light most favorable to the plaintiff, state any other claim upon which relief can be granted. For the following reasons, the Court concludes that they do, and thus that the defendant's Motion to Strike must be denied.
In Connecticut, it has long been established that an occupier of land has a duty to persons who lawfully come upon his property to keep his land reasonably safe for its expected and intended use by them. See generally Wright, Fitzgerald Ankerman, Connecticut Law of Torts, 3d edition, Section 46. When the outsider is "invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public," id., § 49, p. 117 (quoting Restatement (Second), 2 Torts § 332), he is known in the law as a "public invitee." The occupier of land owes the following duties to an invitee: CT Page 183
 a. It has the duty to inspect the premises and erect safeguards, if necessary, to render the premises reasonably safe. b. He is liable for defects which would ordinarily be discoverable by a reasonable inspection and has the duty to give a proper warning to the invitee.
Connecticut Law of Torts, 3d ed, supra, ¶ 49, p. 118 (citing,inter alia, Merhi v. Becker, 164 Conn. 516, 520 (1973)). He may thus be held liable for any injury suffered by an invitee upon his property if the invitee is injured by any defect in the property of which the occupier had actual or constructive notice before it caused the invitee injury, but about which he failed to warn the invitee.
When the allegations of Count Two are considered in the light most favorable to the plaintiff, they state a proper cause of action for premises liability. In particular, they recite the following relevant facts: (1) that "[a]mong the duties imposed upon the defendant was the duty to keep and maintain public areas within its territorial limits in a reasonably safe condition[;]" A.C., Count II ¶ 2; (2) that "[a]mong the public areas within the territorial limits of [the City] were certain tennis courts maintained at Elizabeth Park . . .[;]" id., Count II ¶ 3; (3) that "[o]n or about September 2, 1991, the plaintiff was playing tennis on the public tennis courts . . . [in] Elizabeth Park" when he was "caused to fall, thereby sustaining serious and severe injuries to his leg as the result of a dangerous and defective condition in said area[;]" id., Count II ¶ 4; and (4) as previously noted, that the defendant
6. . . .
 (a) . . . knowingly maintained said tennis courts in a dangerous state of disrepair;
. . .
 (c) . . . knew of the dangerous condition of the tennis courts and failed to guard against CT Page 184 said dangerous condition; [and]
 (d) . . . knew of the dangerous condition of the tennis courts and failed to warn against said dangerous condition.
Id., Count II ¶ 6. If these allegations are proved at trial, the plaintiff will clearly prove that at the time he suffered his injuries he was a public invitee upon the City's public tennis courts and that he suffered his injuries due to a known dangerous defect in the courts of which the City had notice but did not warn him. Whether or not such allegations can withstand an as-yet-unasserted special defense under the Recreational Use Statute, they are sufficient to state a legally cognizable premises liability claim against the defendant City. Accordingly, the defendant's Motion to Strike is hereby denied.
Michael R. Sheldon Judge