[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT
This is a case brought on behalf of Susan Rice by her Adminisratrix, against the parents of her alleged assailant Donald Cole, Jr. On December 9, 1993, Donald Cole, Jr.[1] shot and killed Susan Rice at a home owned by the defendants, Joan and Donald Cole Sr, the parents of Donald Cole Jr., which at the time was occupied by Donald Cole, Jr. Susan Rice was a girlfriend of Donald Cole, Jr. and was visiting him at the time of the incident.
The plaintiff's complaint alleges that the parents negligently caused the shooting and death of Susan Rice in that they permitted their son to keep and maintain firearms and ammunition on their property despite their son's past conduct, temperament, drinking habits and propensity to lose control over himself; they knew or should have known that their son was prone to violence and had previously attacked Susan Rice and made threats of physical violence toward others; they knew of their son's dangerous propensities; they knew of their son's prior arrests for aggravated assault against others; and they furnished their son with guns or the funds to purchase the guns.
The defendants in this motion for summary judgment claim that they owed no duty to Susan Rice, and even if they owed her a duty, their actions were not the proximate cause of her death. The plaintiff has filed an objection to this motion and has filed the following documents: a certified transcript of testimony under oath of Michelle Smarz and Donald Cole, Jr.; the defendants' answers to the plaintiff's interrogatories; and the psychiatric report of Donald Cole, Jr. by Dr. Walter A. Borden.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . ." (Citation omitted; internal quotation marks omitted.) Thompson Peck Inc.,v. Division Drywall, Inc., 241 Conn. 370, 374, 696 A.2d 326 (1997). The movant has the burden of demonstrating the absence of any genuine issue of material fact. Id. "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . ." (Internal quotation marks omitted.)Miller v. United Technologies Corp. , 233 Conn. 732, 751-52, 660 A.2d 810
CT Page 13117 (1995).
In deciding a motion for summary judgment, "the trial court must view the evidence in the light most favorable to the nonmoving party[.]" (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life CasualtyCo., 235 Conn. 185, 202, 663 A.2d 1001 (1995).
The defendants argue in their motion for summary judgment that they did not owe Susan Rice a duty to protect her from the criminal conduct of their adult son. The defendants claim that because they did not have a "special relationship" with their son, nor did they have a "special relationship" with Susan Rice, a duty did not exist.
The plaintiff argues in her memorandum that her claim is not based on any special relationship, rather, that the defendants owed Susan Rice a duty of reasonable care. The plaintiff contends that whether a duty of reasonable care was owed to Susan Rice is determined by whether the ordinary prudent person in the defendants' position, knowing what they knew or should have known, anticipated that harm of the general nature of that suffered was likely to result from their deeds and conduct. The plaintiff argues that this duty of care was breached by the defendants' actions as alleged in her complaint and that it was foreseeable that their deeds would lead to the shooting and death of Susan Rice.
"Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific person to whom it is owed, are determined by the circumstances surrounding the conduct of the individual. . . . Although . . . no universal test for duty has ever has been formulated . . . our threshold inquiry has always been whether the specific harm alleged by the plaintiff was foreseeable to the defendant. . . . Thus, initially, if it is not foreseeable to a reasonable person in the defendant's position that harm of the type alleged would result from the defendant's actions to a particular plaintiff, the question of the existence of a duty to use due care is foreclosed, and no cause of action can be maintained by the plaintiff. . . ." (Citations omitted; internal quotation marks omitted.)Fraser v. United States, 236 Conn. 625, 632-33, 674 A.2d 811
(1996).[2]
Whether the defendants owed a duty of reasonable care to Susan Rice is dependent on a number of factual inquiries. Whether the defendants were aware of their sons violent tendencies. Whether the defendants gave their son guns and ammunition. Whether the defendants knew that their son had a relationship with Susan Rice. Whether the defendants were aware that their CT Page 13118 son had previously assaulted Susan Rice. These are all material facts. "A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." United Oil Co. v. UrbanDevelopment Commission, 158 Conn. 364, 379, 260 A.2d 596 (1969); compareBendowski v. Quinnipiac College, Superior Court, judicial district of New Haven at Meriden, Docket No. 248346 (October 2, 1996, Silbert, J.) (17 CONN. L. RPTR. 601) (Plaintiff sued defendant for negligently inciting a third party to attack the plaintiff's roommate and cause injuries to the plaintiff when he attempted to intercede. Court granted defendant's motion for summary judgment as Plaintiff did not present opposing documents to demonstrate that the defendant knew the third party was dangerous or that the defendant knew the plaintiff was a foreseeable victim.)
Whether Susan Rice was a foreseeable victim is a question of fact. The court must believe, for the purpose of this motion, all of the allegations of the plaintiff. The pleadings, and other proof submitted demonstrate that these material facts remain in dispute. The defendants' motion for summary judgment must be denied as there remains a genuine issue of material fact whether the defendants owed Susan Rice a duty of care.
The defendants' next argue lack of probable cause on the grounds that their son's action in killing Susan Rice was an intervening and/or superseding cause of her death. It is the plaintiff's contention that pursuant to Section 442B of the Restatement of Torts, Second, which was adopted by the Connecticut Supreme Court in Mehri v. Becker, 164 Conn. 516,522, 325 A.2d 270 (1973), the defendants are liable despite the intervening acts of their son.
"[W]here the negligent conduct of the actor creates or increases the risk of a particular harm and is a substantial factor in causing that harm, the fact that the harm is brought about through the intervention of another force does not relieve the actor of liability, except where the harm is intentionally caused by a third person and is not within the scope of the risk created by the actor's conduct. . . ." (Internal quotation marks omitted.) Stewart v. Federated Department Stores, Inc., 234 Conn. 597,607-08, 662 A.2d 597 (1995), quoting 2 Restatement (Second), Torts, Superseding Cause, § 442B, p. 469 (1965). "Tortious or criminal acts may in themselves be foreseeable, and therefore, be within the scope of the created risk." Foley v. Hartford Civic Center, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 528962 (March 3, 1995, Hale, S.T.R.).
The substantial factor test "is whether the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's negligence." Merhi v. Becker, supra, 164 Conn. 521. Again, if the court CT Page 13119 believes as it must, for the purpose of this motion, that Cole Jr. was a disturbed person, that he had a drinking problem, that he made threats to his former spouse, had a criminal record and that in spite of this knowledge the parents. gave him guns and ammunition as claimed, then the court could find the risk foreseeable and the court could find that their negligence was the proximate cause of Susan Rice's death.
There are genuine issues of material facts. The court therefore will deny the defendants Motion for Summary Judgment.
Pellegrino, J.