[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On August 13, 1998, the plaintiff, Joseph Manganella, filed a two count complaint alleging the following facts. On August 8, 1996, the plaintiff, Joseph Manganella, patronized an establishment named Billy's Cafe, located at 213 Sawmill Road in West Haven. On that date the defendants, H.F. R. Corp. and Sue Lynn Abate, allegedly sold alcoholic beverages to three individuals, namely, Alexander Zarick, William Lauer and John Doe. The complaint refers to these individuals as the "intoxicated." CT Page 2590
The complaint alleges that the sale of alcoholic beverages to the above named "intoxicated" individuals constituted reckless and wanton conduct on the part of the defendants. The complaint alleges that a disturbance resulted between the plaintiff and the "intoxicated" because of the sale of alcoholic beverages by the defendants to the "intoxicated." The "intoxicated" allegedly attacked the plaintiff inside Billy's Cafe and then dragged the plaintiff outside where they continued to pummel him.
The first count of the complaint alleges that the defendants acted recklessly and wantonly where they: "a. sold alcohol to intoxicated customers; b. known or should have known that the intoxicateds were in a state of intoxication; c. failed to supervise employees; d. failed to warn the [p]laintiff of the intoxicateds' aggressive behavior while they were intoxicated; and e. failed to have proper authorities to remove the intoxicateds from the Cafe while they were in the state of intoxication."
The second count of the complaint alleges that the defendants were negligent because they failed to: "a. provide adequate security in [the] establishment in order to prevent the assault upon the plaintiff; b. adequately monitor the area where the patrons gathered in order to prevent the assault upon the plaintiff; c. adequately monitor the situation, or attempt to diffuse the situation in order to prevent the assault upon the plaintiff; d. timely intervene in order to prevent the assault upon the plaintiff; e. recognize that the incident which caused the plaintiff injuries was reasonably foreseeable under all the circumstances then and there existing; f. to ensure the safety of the plaintiff while on its premises; and g. exercise due care or take any precautions to prevent or decrease the risk of assault upon the plaintiff." The complaint alleges that as a result of this conduct the plaintiff suffered "severe and personal injuries" including physical, emotional, and financial damages.
On August 31, 1998, the defendants filed a motion to dismiss and a supporting memorandum of law pursuant to Practice Book § 10-31. On September 8, 1998, the plaintiff filed an objection to the motion to dismiss and an accompanying memorandum of law as required by Practice Book § 10-31.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as CT Page 2591 a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upsonv. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "A motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action."Pratt v. Old Saybrook, 225 Conn. 177, 185, 621 A.2d 1322 (1993). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46
n. 13, 668 A.2d 1314 (1995). "[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savagev. Aronson, 214 Conn. 256, 264, 571 A.2d 696 (1990). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." Bardev. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader."Pamela B. v. Ment, 244 Conn. 296, 308. 709 A.2d 1089 (1998).
The defendants move to dismiss the plaintiff's complaint on the ground that the court lacks subject matter jurisdiction over the plaintiff's complaint because the plaintiff failed to give notice to the defendant pursuant to General Statutes §30-102. The defendants argue that the plaintiff's claims in both counts of the complaint should be plead under the Dram Shop Act because the claims arises out of the alleged sale of alcohol to individuals who injured the plaintiff.[1]
The plaintiff-argues in opposition that the court has subject matter jurisdiction in the present case because the complaint does not allege a violation that falls within the ambit of the Dram Shop Act. Rather, the plaintiff asserts that the first count of the complaint is a cause of action based upon the defendants' wantonly and recklessly serving alcohol.
In Kowal v. Hofher, 181 Conn. 355,436 A.2d 1 (1980), the Connecticut Supreme Court held that the Dram Shop Act did not bar a cause of action for the reckless and wanton serving of alcohol. The plaintiff in the present case CT Page 2592 alleges in count one of his complaint that the defendants acted recklessly and wantonly because they "a. sold alcohol to intoxicated customers; b. known or should have known that the intoxicateds were in state of intoxication; c. failed to supervise employees; d. failed to warn the [plaintiff] of the intoxicateds' aggressive behavior while they were intoxicated; and e. failed to have proper authorities remove the intoxicateds from the Cafe while they were in the state of intoxication." Plaintiff's Complaint, Count One, ¶ 7.
In construing the facts alleged in the plaintiff's complaint in their most favorable light, this court has subject matter jurisdiction to hear count one, which asserts wanton and reckless conduct. Furthermore, it is not for this court to consider the legal sufficiency of these allegations on a motion to dismiss. See Pratt v. Old Saybrook, supra, 225 Conn. 177, 185 (stating "[a] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action"). Accordingly, the defendants' motion to dismiss count one of the plaintiff's complaint is denied.
The second count of the plaintiff's complaint alleges negligent supervision on the part of the defendants. Similar to their argument as to count one, the defendants argue that this count should be dismissed because the cause of action alleged by the plaintiff falls under the provisions of the Dram Shop Act. The defendants further argue that the court does not have subject matter jurisdiction to hear this count because the plaintiff did not comply with the notice provisions of the act. In response, the plaintiff argues that Connecticut law provides a cause of action for negligent supervision of persons who have consumed alcohol and for the foreseeable acts committed by those individuals. The plaintiff further argues that the Dram Shop Act does not apply to this legal theory.
In Nolan v. Morelli, 154 Conn. 432, 440-41, 226 A.2d 383
(1967), the Connecticut Supreme Court stated in dicta that: "[I]f a cause of action is not predicated on the defendant's furnishing, whether by sale or gift, intoxicating liquor, it would not fall within the common-law rule that the consumption, rather than the furnishing, of intoxicating liquor is the proximate cause of intoxication and of any resulting damage to person or property. Thus, a cause of action predicated on negligence in the failure of the proprietor of a restaurant, or his servants or agents, to exercise reasonable care in the CT Page 2593 supervision of the conduct of patrons or other business visitors within his establishment. would be unaffected by the common-law rule, whether they were or were not intoxicated and, if intoxicated, regardless of when, where, or how they became intoxicated." Nolan v. Morelli, supra, 154 Conn. 440-41. See also Merhi v. Becker, 164 Conn. 516, 520, 325 A.2d 270
(1973) (holding that the defendant "as the possessor of the premises on that day, had the duty of exercising reasonable care and control to protect its invitees from dangers which might reasonably be anticipated to arise from the conditions of the premises or the activities taking place there"); McKiernan v. Williams, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 262859 (March 8, 1990, Miocco, J.) (1 Conn. L. Rptr. 27) (holding that the Dram Shop Act is not the exclusive remedy for a person injured by an intoxicated customer of a restaurant); DiBiaso v.Rusty Scupper Restaurant, Superior Court, judicial district of New Haven at New Haven, Docket No. 264761 (March 29, 1989, Clark, J.) (4 C.S.C.R. 355) (holding that "plaintiff [was] not attempting to state a common-law negligence claim predicated on the furnishing of liquor by defendants to an intoxicated person, but a cause of action predicated on the failure of defendants to exercise reasonable care in supervising and controlling the premises and patrons apart from the furnishing of liquor"); andKozanski v. The Tobacco Shed, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 364093 (November 14, 1989, Hennessey, J.) (5 C.S.C.R. 47) (holding that "negligent supervision of patrons is distinct from furnishing intoxicating liquors and is, therefore, not precluded by the common law rule that there is no action in negligence against one who furnishes intoxicating liquors to a person").
Because the plaintiff's claims of negligent supervision in count two of the complaint do not fall exclusively within the provisions of the Dram Shop act, the court has subject matter jurisdiction to hear those claims. Accordingly, the defendants' motion to dismiss the second count of the plaintiff's complaint is denied.
Based on the foregoing, the defendants' motion to dismiss counts one and two of the plaintiff's complaint are denied.
Howard F. Zoarski Judge Trial Referee