[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PREJUDGMENT REMEDY
Plaintiffs bring this action in one count of negligence on behalf of the decedent who was knifed and killed by another party, Cleveland Byfield, (Byfield) in defendants' social club. An answer has been filed but no special defenses.
 Facts
The defendant operates a social club which serves alcoholic beverages. It has a membership and also allows non-members to enter. CT Page 14926 On the evening of January 25, 1997 Andrew Stone (decedent) entered the club. Sometime after but before January 26, 1997 at about 1:30 a.m. Byfield entered, had a fight with decedent and stabbed him in the chest. As a result the decedent died.
Before 1997 there have been many incidents at the club to which the police have responded. From this list alone the court cannot determine if the defendant had any notice that such an attack would occur on its premises.
On the night in question the club had a metal detector at its front door but normally not all patrons go through it. In addition there is a side door that a person could use to enter the club if someone opened that door from inside. At the front door the club had two uninformed security guards. In all there were 4 security guards working in the club that night. In addition there were two or three club members who worked to service the interior of the club including checking the side door.
Byfield was known to some persons to carry a knife but there is no evidence that defendant knew or should have known that he entered with one.
The decedent was an unlimited electrical journeyman licensed in Connecticut. He earned and had the potential to earn at least $21,000 per year.
The funeral expenses incurred by the plaintiffs were $7,125.24.
He had a life expectance of 43.5 years.
There is evidence that Byfield was drinking but no evidence of how much or that he was intoxicated.
Decedent would be expected to observe his surroundings as a reasonably prudent person, when he did come in and for some time thereafter. Nothing occurred prior to the outbreak of the scuffle in which decedent was killed to warn decedent or defendant that some crime would be committed by any guest or member on the premises.
Near the metal detector at the front door is a guest book which all nonmembers are required to sign before passing through CT Page 14927 the detector. The decedent signed that book and entered on the night in question. On that night neither decedent nor Byfield were club members. There is a signature on the fifth signature page of the guest log that could be "Cleveland Byfield".
We do not know who started the fight.
 Law
Byfield was not the agent of defendant. Goldberger v. DavidRoberts Corporation, 139 Conn. 629, 632.
Defendant had a duty to decedent as it was the owner and operator of the social club. The duty was to maintain its premises in a reasonably safe condition for the uses thereof that would reasonably be foreseen. The common law appears to be evolving to hold that a proprietor of a business open for guests and members has a duty "of exercising reasonable care and control to protect its invitees from damages which might reasonably be anticipated to arise from the conditions of the premises or the activities taking place there." Merhi v. Becker, 164 Conn. 516,520; Facey v. Merkle, 146 Conn. 129, 133, although he has no duty to a visitor to exercise any care until he knows or has reason to know that there is a reasonable likelihood that a third party will act in a way that will endanger the visitor.
As to causation, "The test is whether the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's negligence." Merhi v. Becker, supra 521.
This question of proximate cause is fundamentally one of fact and inference that, even where, as here, there is no dispute about the material facts, it should be left to the jury if it is open to a reasonable difference of opinion." Edgecomb v. GreatAtlantic Pacific Tea Co., 127 Conn. 488, 49.
The court is forced to conclude that plaintiffs are reasonably likely to get their case to a jury.
The court orders a prejudgment of attachment in the amount of $250,000.
N. O'Neill, J. CT Page 14928