[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Two plaintiffs are seeking a prejudgment remedy for damages suffered when they were shot while patrons of the defendant, Sportsmen's Athletic Club, Inc. They claim that the Club was negligent in allowing individuals to enter the Club with guns and shoot at patrons including the two plaintiffs.
The plaintiffs claim that the president of the Club was aware of numerous occasions in the past where there were similar problems which required the police to be called. The president acknowledged the prior problems and also admitted that there was a shooting incident at the Club parking lot only a week before the incident in question. No employees monitored the door to utilize the metal detectors to detect weapons. The night the plaintiffs were shot, a person entered the club with a gun and shot four people including the two plaintiffs. CT Page 2067
The plaintiffs claim that the club had a duty to the plaintiffs to maintain the premises in a reasonably safe condition for the uses thereof that could reasonably be foreseen. Stone v. WestIndian Social Club, 6 Conn. App. 12 (January 17, 2000). The proprietor of a business open for guests and members has a duty "of exercising reasonable care and control to protect its invitees from damages which might reasonably be anticipated to arise from the condition of the premises or the activities." Id., p. 13. Mehri v. Becker, 164 Conn. 516, 520 (1973).
The defendants argue that the plaintiffs have failed to establish probable cause. They also claim that the plaintiffs' action is limited to the dram shop law which creates a cause of action against a liquor seller for victims injured by intoxicated persons. The defendants are wrong in both regards. This is not a claim based upon injury because the shooter was intoxicated. It is a straight forward claim of negligent control of the premises. The complaint makes no claim that the shooting was the result of intoxication or imbibing alcoholic beverages. It is thus totally outside the Dram Shop Act. Furthermore, the court finds that the testimony at the hearing supports a finding of probable cause.
The plaintiffs are entitled to recover damages because it is evident that at a trial judgment will enter in their favor.
Xavier Cluff was 26 years old at the time of the shooting. He earned $300 per week. He sustained a gunshot wound to the right arm causing a comminuted fracture of the distal humorous. He underwent surgery and will require further surgery. he cannot use his right arm. He has not been able to return to work. His lost earnings to date are $3,600 and continuing. His medical bills are now $14,945.62. He has suffered physical pain and emotional distress.
The court hereby orders a prejudgment attachment of $350,000.
Jermaine Floyd was 28 years old at the time of the shooting. He was a full-time student. He was shot in the right buttock. The bullet is still in his body. It will have to be removed. His medical expenses to date are $3,228.72 with future expenses for surgery to remove the bullet. He suffers physical and mental pain and distress.
The court hereby orders a prejudgment attachment in his case of CT Page 2068 $50,000.
Total prejudgment attachment $400,000. The court heard no evidence of any set offs or counterclaims.
D. Michael Hurley, Judge Trial Referee