[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a personal injury lawsuit brought by the plaintiff, John W. Labroad, against the defendants, Michael McEleney and his wife, Penni L. McEleney, and Karl J. Christian for injuries sustained by the plaintiff at the hands of the allegedly intoxicated defendant Christian at a party given by the defendants McEleney on their premises and for the injuries the plaintiff sustained due to unknown dangers on the premises about which the defendants McEleney failed to warn or to safeguard him. This matter comes before the court on a motion for summary judgment by the defendants McEleney. The court heard oral argument at short calendar on February 22, 2000, and now issues this memorandum of decision.
The defendants McEleney move for summary judgment on count one of the plaintiff's four count revised complaint on the ground that the claim asserted against them is not a legally cognizable cause of action in Connecticut. "The motion is not predicated on a claim that there are no genuine issues of material fact to be litigated." AetnaCasualty Surety Co. v. Jones, 220 Conn. 285, 293, 596 A.2d 414
(1991). "The substance of the motion, therefore, is more accurately described as a motion to strike." Id. A motion for summary judgment is a proper procedural vehicle to test the legal sufficiency of a complaint, when, as here, the pleadings are closed. See Drahan v.Board of Education, 42 Conn. App. 480, 498 n. 17, 680 A.2d 316, cert. denied, 239 Conn. 921, 682 A.2d 1000 (1996); see also Boucher Agency,Inc. v. Zimmer, 160 Conn. 404, 409, 279 A.2d 540 (1971).
"When deciding a motion to strike, the trial court "must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v.Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998).
The defendants McEleney correctly note that Connecticut does not recognize a common law action in negligence for one who furnishes intoxicating liquors to a person who voluntarily becomes intoxicated and subsequently, in consequence of his intoxication, injures the person of a third party. See Kowal v. Hofher, 181 Conn. 355, 357,436 A.2d 1 (1980). The plaintiff, in opposition, insists that count one of his complaint is not a claim of negligent service of alcohol, but rather alleges a cause of action for negligence based on the alleged social invitee status of the plaintiff and on the conduct of the defendants McEleney in failing to maintain their property in a reasonably safe condition, failing to properly protect the plaintiff and other guests at their party from the dangers to which they were CT Page 5407 exposed at the party, and in falling to properly control or supervise the conduct of the defendant Christian.
"In general, there is an ascending degree of duty owed by the possessor of land to persons on the land based on their entrant status, i.e., trespasser, licensee or invitee." Morin v. Bell CourtCondominium Assn., Inc., 223 Conn. 323, 327, 612 A.2d 1197 (1992). "The distinction between one who is an invitee and one who is merely a licensee turns largely on whether the visitor has received an invitation, as opposed to permission, from the possessor of land, to enter the land or remain on the land." Kurti v. Becker,54 Conn. App. 335, 338, 733 A.2d 916, cert. denied, 251 Conn. 909,739 A.2d 1248 (1999). "Although an invitation itself does not establish the status of an invitee, it is essential to it." Id.
The plaintiff alleges that he was one of the invited guests at the party given by the defendants McEleney, thereby alleging that he was a social invitee of the defendants McEleney. "The possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe. . . . [to] warn an invitee of dangers that the invitee could not reasonably be expected to discover"; (Citations omitted.) Morin v. Bell Court CondominiumAssn., Inc., 223 Conn. 323, 327, 612 A.2d 1197 (1992); and to "[exercise] reasonable care and control to protect its invitees from dangers which might reasonably be anticipated to arise from the conditions of the premises or the activities taking place there."Mehri v. Becker, 164 Conn. 516, 520, 325 A.2d 270 (1973). "[T]he possessor must exercise the power of control or expulsion which his occupation of the premises gives him over the conduct of a third person who may be present, to prevent injury to the visitor at his hands." (Internal quotation marks omitted.) Id. "A possessor of land is charged with constructive notice of a dangerous condition when it is of such a nature and duration that a reasonable inspection would have disclosed the risk." Warren v. Stancliff, 157 Conn. 216, 219,251 A.2d 74 (1968).
The plaintiff alleges that during the party he participated in a touch football game in the backyard property of the defendants McEleney, unaware there was a 4x4 wooden landscape timber hidden from view under bushes in close proximity to one of the football field sidelines and unaware of the amount of alcohol consumed by another guest, the defendant Christian. The plaintiff alleges that the defendants McEleney knew or should have known about both of these dangerous conditions. The plaintiff further alleges that during this football game, the defendant Christian "forcibly grabbed and violently pushed him into the bushes" causing him to step onto the CT Page 5408 hidden timber, thereby causing him injury.
Viewing the allegations in count one of the plaintiff's revised complaint in the light most favorable to the plaintiff, this court finds that the plaintiff states a legally sufficient cause of action of negligence based on his social invitee status and the duty owed him by the defendants McEleney. Accordingly, the motion for summary judgment by the defendants McEleney is hereby denied.
BY THE COURT Hon. Andre M. Kocay, J.